## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE FENTON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 18-cv-01038 |
| v. | ) | |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, TRANSUNION DATA | ) | Jury Demanded |
| SOLUTIONS LLC, and CAPITAL ONE BANK, | ) | |
| (USA), N.A., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

Plaintiff, Willie Fenton, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), for a finding that Defendants' actions violated the FCRA and to recover damages for Defendants' violations of the FCRA, and alleges:

## JURISDICTION AND VENUE

1.      Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3.      Plaintiff, Willie Fenton ("Plaintiff" or "Ms. Fenton"), is a resident of the State of Illinois, and a "consumer" as that term is defined at 15 U.S.C. § 1681a(c) of the FCRA.

4.      Defendant, Experian Information Solutions, Inc. ("Experian"), is a corporation formed under the laws of the State of Ohio that that regularly conducts business throughout every state and county in the United States and is registered to do business in Illinois. Experian's

1

registered agent is C T Corporation System, located at 208 S LaSalle Street, Suite 814, Chicago IL 60604.

5.    Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times Experian was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

6.    Defendant, Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company that business entity that regularly conducts business throughout every state and county in the United States, including in the state of Illinois. Its registered agent in Illinois is Illinois Corporation Service Co, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7.    Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times Equifax was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

8.    Transunion Data Solutions, LLC, ("Transunion"), is a Delaware limited liability company that regularly conducts business throughout every state and county in the United States. It does business in Illinois and its registered agent is Illinois Corporation Service Co, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

9.    TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times TransUnion was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

10. Capital One Bank, (USA), N.A. ("Capital One") is a federally chartered national bank with its headquarters at 4851 Cox Road, Glen Allen, VA 23060. It regularly conducts business throughout every state and county in the United States.

11. Capital One regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions, such as Plaintiff's transactions at issue in this lawsuit and described herein, and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

12. On September 10, 2017, Capital One filed a small claims lawsuit against Ms. Fenton seeking to collect an amount allegedly owed on a credit card account, account number beginning with 529107851652 (the "Account"). The case was captioned *Capital One Bank v. Willie B Fenton*, Case No. 2015 M1 121510, filed in the Circuit Court of Cook County, Illinois.

13. On November 20, 2017, the Court held that Ms. Fenton did not owe the alleged debt and entered a final judgment.

14. On December 7, 2017, Plaintiff, through her counsel, sent a letter to Experian, TransUnion and Equifax stating that inaccurate information is being reported on her credit report regarding the Account. The letter further stated that the alleged Capital One debt is not owed as a matter of law and attached a copy of the Judgment.

15. Plaintiff subsequently received responses from Experian and Equifax regarding her dispute.

16. Each response included a "verified" tradeline for Capital One account number beginning with 529107851652.

17. TransUnion did not respond to the dispute.

18.    However, after obtaining a copy of her recent credit report, Plaintiff discovered that TransUnion is still reporting the Capital One tradeline.

19.    Because judgment had been entered against Capital One and in favor of Ms. Fenton, the Account was not owed as a matter of law, and the information being reported by Experian, Equifax and TransUnion was false and misleading.

## COUNT I—UNREASONABLE REINVESTIGATION—EQUIFAX

20.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

21.    Plaintiff received a response to her dispute from Equifax.

22.    The response included a "tradeline" being reported by Equifax relating to the Capital One Account, account number beginning with 529107851652.

23.    Such tradeline is viewable by those accessing Plaintiff's credit report and impact her credit score.

24.    Equifax has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

25.    The tradeline lists numerous inaccuracies including that Account was closed by the credit grantor and a date of first delinquency of 04/2014.

26.    In fact, the tradeline should not be listed as all as the debt is not owed as a matter of law.

27.    Despite the foregoing, Equifax has disseminated credit reports and/or information that Plaintiff owes the foregoing Account.

28.    The inaccurate information reflects negatively upon Plaintiff, Plaintiff's credit application history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

4

29. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

30. Plaintiff disputed the inaccurate information with Equifax via regular U.S. mail and certified mail, and by following Equifax's established procedure for disputing consumer credit information.

31. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Equifax, Equifax notified Capital One of Plaintiff's dispute and the nature of the dispute.

32. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Equifax, Capital One received notification from Equifax of Plaintiff's dispute and the nature of the dispute.

33. Upon information and belief, Equifax updated the reporting of the inquiry at issue solely based upon the information it received from Capital One in response to Plaintiff's dispute.

34. Despite Plaintiff's efforts to date, Equifax has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

35. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Adverse credit action;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

    d. Loss of credit opportunity, including denial of credit, loans, financing and/or other damages, not yet known by Plaintiff;

    e. Material risk of future harm;

    f. Informational injury; and,

    g. Unjust suppression of her credit score which may result in inability to obtain credit or favorable terms on future attempts.

36. At all times pertinent hereto, the conduct of Equifax, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

37. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

38. Equifax willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

39. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

40.     Equifax willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

41.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Consideration of consumer information**

**In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

42.     Equifax willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

43.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Treatment of inaccurate or unverifiable information**

**. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**

**(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

44.     Equifax willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

45.     15 U.S.C. § 1681e(b) of the FCRA provides as follows:

**Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible**

**accuracy of the information concerning the individual about whom the report relates.**

46.     Equifax willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

47.     The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.     Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

B.     Statutory damages pursuant to 15 U.S.C.A. §1681n;

C.     Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

D.     Such other or further relief as the Court deems proper.

## COUNT II—UNREASONABLE REINVESTIGATION—EXPERIAN

48.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

49.     Plaintiff receive a response to her dispute from Experian.

50.     The response included a "tradeline" being reported by Experian relating to the Capital One Account, account number beginning with 529107851652 ("Account").

51.     The tradeline is viewable by those accessing Plaintiff's credit report and impact her credit score.

52.     Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

53.     The tradeline lists numerous inaccuracies including that Account was closed at the credit grantor's request, the account was charged-off in September 2014, and shows a high balance of $2,383, $383 above the credit limit.

54.     In fact, the tradeline should not be listed as all as the debt is not owed as a matter of law.

55.     Despite the foregoing, Experian has disseminated credit reports and/or information that Plaintiff owes the foregoing Account.

56.     The inaccurate information reflects negatively upon Plaintiff, Plaintiff's credit application history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

57.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

58.     Plaintiff disputed the inaccurate information with Experian via regular U.S. mail and certified mail, and by following Experian's established procedure for disputing consumer credit information.

59.     Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Experian, Experian notified Capital One of Plaintiff's dispute and the nature of the dispute.

60.     Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Experian, Capital One received notification from Experian of Plaintiff's dispute and the nature of the dispute.

61. Upon information and belief, Experian updated the reporting of the inquiry at issue solely based upon the information it received from Capital One in response to Plaintiff's dispute.

62. Despite Plaintiff's efforts to date, Experian has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

63. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Adverse credit action;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

   d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   e. Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

64. At all times pertinent hereto, the conduct of Experian, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

65. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly**

**through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

66.     Experian willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

67.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

68.     Experian willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

69.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Consideration of consumer information**

**In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

70.     Experian willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

71.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Treatment of inaccurate or unverifiable information**

> **. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**
>
> **(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

72.     Experian willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

73.     15 U.S.C. § 1681e(b) of the FCRA provides as follows:

> **Accuracy of report**
>
> **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

74.     Experian willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

75.     The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

        WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

        A.      Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

        B.      Statutory damages pursuant to 15 U.S.C.A. §1681n;

      C.      Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

      D.      Such other or further relief as the Court deems proper.

## COUNT III—UNREASONABLE REINVESTIGATION—TRANSUNION

76.      Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

77.      TransUnion failed to respond to Plaintiff's dispute.

78.      Despite not responding, TransUnion is still reporting a "tradeline" relating to the Capital One Account, account number beginning with 529107851652 ("Account").

79.      The tradeline is viewable by those accessing Plaintiff's credit report and impact her credit score.

80.      TransUnion has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

81.      The tradeline lists numerous inaccuracies including that Account was closed by the credit grantor and lists a high balance of $2,383, $383 over and above the $2000 credit limit.

82.      In fact, the tradeline should not be listed as all as the debt is not owed as a matter of law.

83.      Despite the foregoing, TransUnion has disseminated credit reports and/or information that Plaintiff owes the foregoing Account.

84.      The inaccurate information reflects negatively upon Plaintiff, Plaintiff's credit application history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

85.      The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

86. Plaintiff disputed the inaccurate information with TransUnion via regular U.S. mail and certified mail, and by following TransUnion's established procedure for disputing consumer credit information.

87. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with TransUnion, TransUnion notified Capital One of Plaintiff's dispute and the nature of the dispute.

88. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with TransUnion, Capital One received notification from TransUnion of Plaintiff's dispute and the nature of the dispute.

89. Upon information and belief, TransUnion updated the reporting of the inquiry at issue solely based upon the information it received from Capital One in response to Plaintiff's dispute.

90. Despite Plaintiff's efforts to date, TransUnion has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

91. Plaintiff has been damaged, and continues to be damaged, in the following ways:

 a. Adverse credit action;

 b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

 c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

    d.   Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

    e.   Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

92.    At all times pertinent hereto, the conduct of TransUnion as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

93.    15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

94.    TransUnion willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

95.    15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

96.    TransUnion willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

97.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Consideration of consumer information**

**In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

98.     TransUnion willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

99.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Treatment of inaccurate or unverifiable information**

**. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**

**(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

100.     TransUnion willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

101.     15 U.S.C. § 1681e(b) of the FCRA provides as follows:

**Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

102.    TransUnion willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

103.    The conduct of TransUnion was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, TransUnion is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.    Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

B.    Statutory damages pursuant to 15 U.S.C.A. §1681n;

C.    Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

D.    Such other or further relief as the Court deems proper.

### COUNT IV—FURNISHER LIABILITY—CAPITAL ONE

104.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

105.    Capital One received notification from Equifax that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

106.    Upon information and belief, Capital One received from Equifax, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

107.    Capital One then and there owed Plaintiff a duty to assist Equifax in a re-investigation into the disputed information being reported about Plaintiff by Capital One.

108. Capital One received notification from Experian that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

109. Upon information and belief, Capital One received from Experian, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

110. Capital One then and there owed Plaintiff a duty to assist Experian in a re-investigation into the disputed information being reported about Plaintiff by Capital One.

111. Capital One received notification from TransUnion that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

112. Upon information and belief, Capital One received from TransUnion, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

113. Capital One then and there owed Plaintiff a duty to assist TransUnion in a re-investigation into the disputed information being reported about Plaintiff by Capital One.

114. 15 U.S.C. § 1681s-2(b) of the FCRA provides as follows:

**Duties of furnishers of information upon notice of dispute**

**After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—**

**(A) conduct an investigation with respect to the disputed information;**

115. Capital One willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Equifax, TransUnion and Experian, in violation of 15 U.S.C. § 1681s-2(b)(A).

116. After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

**. . . (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;**

117.    Capital One willfully and negligently failed to review all relevant information concerning Plaintiff's account provided by Equifax, TransUnion and Experian, in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

118.    After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

**. . . (C) report the results of the investigation to the consumer reporting agency;**

119.    Capital One willfully and negligently failed to report the inaccurate status of the inaccurate information to Equifax, TransUnion and Experian, in violation of 15 U.S.C. § 1681s-2(b)(1)(C).

120.    After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

**. . . (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis;**

121.    Capital One willfully and negligently failed to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff, in violation of 15 U.S.C. § 1681s-2(b)(1)(D).

122.    After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

**. . . (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting**

**agency only, as appropriate, based on the results of the reinvestigation promptly—**

**(i) modify that item of information;**
**(ii) delete that item of information; or**
**(iii) permanently block the reporting of that item of information.**

123. Capital One willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate, in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

124. Capital One willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

125. The conduct of Capital One was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Capital One is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.    Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

B.    Statutory damages pursuant to 15 U.S.C.A. §1681n;

C.    Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

D.    Such other or further relief as the Court deems proper.

**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com